**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| CHARLES G. MORGAN, | ) | 2:05-cv-01256-BES-GWF |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| SAMUEL W. BODMAN, Secretary, Department of Energy, | ) | |
| Defendant. | ) | |

Before the Court is a Motion for More Definite Statement (#11) filed by Defendant on May 17, 2006. Thereafter, all proceedings in this case were stayed until December 1, 2006. See Docs. #13, #14. On December 1, 2006 Plaintiff filed a Response to the Motion (#15), in which he requests that the motion be granted and he have thirty days in which to file an amended complaint.

Under FRCP 15(a), a court should "freely give[ ]" parties leave to amend their pleadings "when justice so requires." Fed.R.Civ.P. 15(a). A district court determines the propriety of a motion to amend by considering the following factors: bad faith, undue delay, prejudice to the opposing party, and/or futility. Griggs v. Pace American Group, Inc., 170 F.3d 877, 880 (9th Cir. 1999) (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir.1987)). Generally, this determination should be performed with all inferences in favor of granting the motion. Id.

In his Response, Plaintiff indicates that Defendant did not oppose Plaintiff's request to file an amended complaint. Moreover, the docket indicates that Plaintiff already filed his Amended Complaint (#16) on January 3, 2007.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for More Definite Statement (#11) is MOOT.

DATED: This 9TH day of April, 2007.

_____
UNITED STATES DISTRICT JUDGE